11-0670 Ingrassia Interior Elements v. Rogers & Warren Council, may I approach? Good morning, Your Honors, Council. May it please the Court, my name is Jason Esmond. I am here representing the appellant, Roger Seymour. The facts of this issue before us aren't in dispute. The case was set for hearing April 11, 2008, at which time both parties agreed to the stenographic stipulation, indicating they would not raise an issue of jurisdiction should the transcript be filed late by the Commission. And it turns out the transcript was not timely filed. That is correct. The case wasn't tried that day. It was tried two months later in June, at which time the respondent objected to the stenographic stipulation. Timely review was filed, but in the time noted under Section 19B, the transcript was not provided by the Commission. The transcript was provided in time for the return date on review and was filed before then. The respondent, prior to the return date on review and prior to receiving and filing of the transcript, filed the motion to strike for lack of jurisdiction. This was heard by the Commission. The Commission, in their decision, denied the motion to strike, finding that the respondent was bound by the April 11, 2008 stipulation. And why wouldn't the respondent be bound by that? The Commission indicated that when the hearing was set initially at that date, the respondent didn't object to the stipulation. I think the Commission should be awarded deference to administer the Act and to let its decision that the respondent was bound at that time should be upheld. Regardless of that issue, I still think that the decision by the Circuit Court was made incorrectly. The purpose of the Act is to promote the general well-being of the people by providing compensation for injuries suffered in the course of employment. Fundamental to that purpose is the right to review of a decision by the Commission, a panel of Commissioners. I understand your position. Does the other side have the right to unilaterally withdraw from the stipulation? Your position would be no, obviously, right? Correct. Well, give us your best argument as to why they can't do that. Binding once, binding for all time. It has to be your argument. Well, when they initially appeared, they had signed that form. They weren't objecting at that time. I think even if they did object to it, I think the acts of the petitioner subsequent to that decision, in perfecting review, meet with the rules and substantially comply with Section 19 and also the rules that have been promulgated and created to effectuate a review of a decision. Clearly, the Circuit Court found that strict compliance is required and granted the motion to strike based on that. There are, however, decisions that would indicate that substantial compliance with Section 19B can be acceptable. Are the requirements of Section 19B to prosecute an appeal to the Commission, are those jurisdictional? I mean, you know, the statute says unless a petition for review is filed within 30 days and unless within 35 days a transcript or an agreed statement of interest is filed, the arbitrator's decision is conclusive. That's correct. And, you know, we've said in many of our decisions that subject matter jurisdiction cannot be waived, stipulated to, et cetera, et cetera. So where are we on this? Our argument would be that it can be waived and it can be extended based on both the stipulation of the sign. And I guess the next question is if it's jurisdictional and if it can't be, jurisdiction can't be stipulated to, what's the purpose of the stenographic stipulation that's printed in the stip sheet that everybody's had for a long time and does it mean anything, et cetera? Yeah, I think the stipulation has been there and it's stayed there. I think its purpose is at this point just to confirm what's been established by the rules, really. The rules were created, I think, to somewhat address this issue. They indicate specific procedures for, you know, perfecting the review. Would it be correct that the rules, in effect, interpret 19B that filed is ordered? It has to be ordered within the 35 days and then actually filed within, by the time that the commission requires it. That's basically what the rules say. Right. I think that is a good interpretation of this rule.  The rules indicate, like you said, that the transcript must be ordered. And then the separate provision of those rules indicate that it then must be filed by the time established by the return date on review. So what happens if a court reporter refuses or, for whatever reason, doesn't file it? In the absence of the stipulation provision, if the reporter doesn't file it, then the claimant's right to request a return date on review is not required. But if the court reporter doesn't file it, then the claimant's right to request a return date on review. So the only way to get a recovery is strictly at the mercy of the court reporter, right? That is correct. If it's jurisdictional, then the court reporter decides what gets appealed. Under the present reading of the rule by the circuit court, that's true. It's the court reporter or actually the opposing counsel who would also have an ability to effect a review. They would have control over this. What's that? They would have control over this. Right. Because the Petitioner either has to get that transcript or has to come to an agreed statement of facts, which requires cooperation of opposing counsel, which takes the ability to review a decision out of the Petitioner's hands. Which probably was the reason for the stipulation in the first place, correct? That's probably the reason it was indicated. And I think it's also the reason that the rules were created, which establish how the petition is done, how the transcript is ordered and filed. As a practical matter, if the 35 days was an absolute out date, how often would a court reporter actually? I think very, very, very rarely. There are a couple thousand appeals a year, but I think a large number of those would have to be thrown out. And the other point with that is that there is absolutely no prejudice to the respondent by extending the time and by following the return date on review deadline. The respondent had notice of the appeal. Nothing is going to happen on the case on the appeal or on the review prior to that return date on review. The return date on review sets a deadline for a briefing schedule. Whether or not that transcript is filed a day before the return date on review or two months before the return date on review, nothing is going to be due until 30 days after the return date on review is established. So nothing is going to change in the procedure for the appeal. And there's going to be absolutely no prejudice to the respondent by following the rules that have been established, which we've interpreted. I've said 35 days a couple times. It's actually 65 because the statute allows for another 30 if you request it, and you did in this case, right? Correct. And so you had 65 days. But as a practical matter, if it was 65 days, how often would the transcript be ready? It is still very, very rare that that occurs. Generally, the transcript is not prepared until, you know, the return date on review is set. That's when we generally get it, is the return date on review is set. We'll get it a few weeks before that. But that's very often after those 65 days have passed. And the petitioner is without any way of getting that any quicker. We don't have any authority to force that court reporter to get it done by the time that we need it by. That's all I have for now. Thank you, Counsel. Counsel, Your Honors, Randy Stark on behalf of Ingrassia Furniture. I've been practicing 25 years in front of the Industrial Commission, and I've seen that stipulation on the bottom of the form for years. And one day I said, you know, I'm going to research this, and I'm going to see what that really means and how this developed. And if you ask the commission when that made the form, no one knows. It made the form, and it was done by convention. But it was done contravention to what the statute says. There is no way to rectify between what 19B says and the mandates given by the legislature and the practice of line 14, which is embedded just like a contract of adhesion when you get a credit card on the bottom little teeny print, they throw in there that you're waiving your right to object. It's not really even a stipulation. It's sort of like our secret. You agree not to raise this. If that was your position, why did you sign the stipulation in the beginning? Well, that's an interesting point. Let's bring this up because we now have to argue outside the record. I was actually kind of surprised that this came up. I mean, you're playing gotcha. You stipulate to it, and then on the day of the hearing you say I'm withdrawing my stipulation. Actually, this case has been up for hearing. We have motions for trial which come up monthly. The stipulation form is attached. We, when we finally go to trial, pull out a stipulation form that everybody had in their file. This one had a date on it. That wasn't the date. I never signed it before in April. When we did this, and in fact I talked to my opponent and he knew about it. Now, I'm going outside the record, so this is a little unusual in front of this panel. But when we talked to counsel, I told him what we were going to do and I told him what I was going to do. And he knew beforehand that I wasn't agreeing to 14 and I was striking it. And he didn't understand. And I gave him my whole idea about what was going on with the jurisdictional requirements of the case. I didn't stipulate in April that this was going on. In fact, we never gave the arbitrator or filed with the commission, as it says, this stipulation form and said, look, there's the issues in dispute. Rather, when we tried it, that's when we completed the stipulation form, before we met with the arbitrator. We had done pretrials, which in a pretrial setting is coming in front of the arbitrator at his desk and telling him what the issues are in the case. And then him saying, well, okay, I'll give you a line and you're number 14 today. And then maybe we didn't go that month and it got moved again and it got moved to me. That's the pretrial conference. So I never stipulated to this in April. But to the point of, Your Honors, is that the stipulation was clear on the record and made clear to the Court I was not agreeing to the standard stenographic stipulation, that we were not going to raise jurisdictions and issue in the case. I demanded the strict requirements of 19B. It was clear and I did it on the record to make it punctuated because I had suspicion that we were going to be here in front of you several years later. So no one for the employer ever signed anything that contained the stipulation? Not until the stipulation. When we met with the arbitrator, we completed three. We don't have a photocopier there. We complete three of them by hand. The one that the arbitrator happened to have was that one. I asked the arbitrator to line out the bottom, as is said in the transcript. And I said, here, line out number 14. We do not agree to it. I demand that we have strict compliance with 19B of the act. The arbitrator said, yes, your objection is noted and is granted. And counsel said, well, I don't agree with it, but I understand it. You know why he doesn't agree with it and didn't understand it? Because we had that conversation before. So the ---- Well, this colloquy is all very interesting, but if it's yours, the record, what are we supposed to do with it? You can't consider it, can you? No. So on the record itself, we have this. Then we go on the record. There it is, what I've said is going on, and I did not agree to the stipulation and it was stricken. And the sheet is just sort of a cliff note to the arbitrator of what issues are in dispute. He could refer to it and say, okay, we've got medical, we've got TTD, and he has the amounts. But how many times do we have before your Honor where there are issues placed in dispute and they're never brought into evidence at the time of trial? But this is the note that's in front of the arbitrator, and it's the stipulation. Some things are stipulated to, some things are not. I couldn't make it any clearer that I was not agreeing to that section. What happens when you don't ---- well, my personal belief, and it is raised by your Honor, is that stipulations on jurisdiction, and especially the way this is worded, are a nullity anyhow. But let me talk about my case before you right now, and then we'll get into the bigger picture later on this. As far as my client's case is concerned, I didn't agree to the stenographic stipulation. The transcript in this case was not timely filed. We are not at the mercy of a court reporter because the legislature has designed and given a remedy to people that do not get the transcript by the court reporter during enough time. It's 19E. It's a whole separate section that specifically addresses this problem. If the court reporter does not timely produce the transcript, and you know, when you know your deadline, you've got 65 days, 35 plus 30, if you're at 64, I'd be filing a motion for trial de novo under 19E, because you don't know what's going on with that transcript, if ever it's going to be produced, and that preserves your right. Well, wait a minute. Hold on. Hold on. If that logic is correct, these cases would never end. These court reporters never produce these transcripts in 65 days, whether it's the original trial, the trial de novo, the second trial de novo, the third, fourth, or fifth. That's impractical. And your Commissioners don't have the authority to throw the court reporters in jail when they don't produce transcripts like a judge can do. I mean, so what are we to do? We won't have any hearings that bind them? These are Commission employees. The fact that the Commission could argue that they have no leverage over a Commission employee when they produce a transcript seems to me disingenuous by the Commission. We don't know when they're going to produce the transcripts. They're Commission employees. When's the last time you saw a court reporter produce a transcript in 65 days or less? Actually, there's a case where it was produced in less than 65 days, and it was raised in front of the Commission where the stenographic stipulation was argued didn't apply because the transcript was produced in advance of that. And then the Commission then had to hold that the stipulation didn't apply. How often does that happen? In my practice? Percentagewise. Depends which court reporter. In Rockford, we have a very attentive court reporter who gets them in all the time. Other venues, I can't say. But there's another avenue for them. The legislature put it in there. It's not a design by the Commission. The legislature put into the statute itself that if the transcript is not produced in enough time, in the sufficient time of 65 days, that you can have a choice between either filing a 19E petition for a trial default or filing a bystander report, in effect, saying what the trial was about and what the evidence went in. That's the legislature's design on this, and it's been in there forever. And it's jurisdictional. You need two things. You need the review and you need the transcript. But it's not really a bystander. It has to be an agreed statement of facts. Agreed statement of facts. So what if the other side won't agree to it? Well, if the other side doesn't agree, and sometimes some other sides won't sign even the transcript, you have the arbitrator then sign the transcript. Or you ask the arbitrator to agree to it. And then that's another issue. Again, the design by the legislature is what the legislature did. The way the commissions come up with it, this hearing on review date, which was created by rule, you know, the hearing on review date comes up when the transcript is finally the court report picks up the phone and says I'm done. And then they come up and they say, okay, now we're going to set a hearing on review date. It could be 5 months from the day of trial. It could be 3 months from the day of trial. It could be 10 months from the day of trial. We never know. We just get this out of the blue. Obviously what the commission has done is dealt with the practical reality of when they're really going to get the court reporter's transcript. You know, I mean, it's pretty clear that by the rules they've recognized that they're not going to get it in 35 days or 65 days. So in the rules they say it has to be ordered by that time and then filed on the day to review. I mean, what we've got is conflict here between the statute and the practical realities of it, which the commission has dealt with in the rules. Instead of meeting head-on what the statute and the legislature has required the commission to do, they have decided to then create a stipulation to create a whole mechanism of the way of handling this, which is contrary to the design of this legislature's statute and the requirement for jurisdiction for the commission here to review. Remember, the commission just loses the right to review what the arbitrator says. The legislature is clear. The arbitrator's decision becomes the decision of the commission if these things are not met. It's not – they don't leave out what's going to happen. They make it very clear. Commission, you cannot change what the arbitrator's done if you don't have this explainment done. I think it is. You have a hearing officer, which is the same – they've analogized this as the same thing as the hearing officer, but they have different recommendations.    Now, you say, look, the judges, the public defender, the bankruptcy magistrate and the like, you said you have your hearing. The only thing that would change then would be that in this trial de novo idea that the commission would be able to change finds of fact and issues of law, well, you then are bound by the findings of fact of the arbitrator. You've had your hearing. The fact that the commission can't get them to get a transcript together and get it filed in enough time is the commission's problem. Is it prior to the claimant? It might not be if they didn't try to do it, remedy themselves to the things that the legislature said they could do, like file 19E or file a report that's a great statement of facts. Those are the two remedies. There are no others. There isn't create this entire infrastructure of hearing on review dates and the like that they've created or stenographic stipulations. Where do we have practice in anywhere in this State a stipulation that we are going to agree between us that we're going to ignore what the statute says and then we're not going to bring it up? It says don't bring it up. It's not that there isn't a jurisdictional issue here. You agree not to bring it up. Sotomayor, before you run out of time, I want to make sure I understand your argument. Are you saying that you never agreed to the stenographic stipulation either in writing or otherwise? Agreed, yes. Very true. Wait a minute. Who signed the form originally? Then you asked for a line-out later on. This form is you're in front of the arbitrator before here. And the form was signed within seconds of actually starting the trial. We complete everything. We check our boxes. We sign everything. I keep one. He keeps one. Just to amplify his question, what happened on April 11, 2008? Nothing. Probably. You did not go sign a request for a hearing form that contains a stipulation? No. That was a status call date for the industrial commission's hearing site in Rockford. Did you sign anything that contained a stipulation? No. It then went to a pretrial date and later on in April, a date of which I don't know. And then we met with the arbitrator, talked about issues of dispute, tried to negotiate, didn't come up with an agreement, and then we agreed to try it at a later date. Well, why would you ask them to line something out on June 13th if nothing had ever been stipulated to in the first place? That would be unnecessary for you to do that, right? Well, the line, it's embedded in the form. I can't, that's the form we get. I have to have him create it. I didn't stipulate to it. I didn't create the stipulation, put it in the form, and then ask them to line it out. It's in the form. It's printed that way. Every one of the motions, every one of the cases you see, line 14 is there by the commissioner. So I have to have him line it out. But you didn't object to it until right before the hearing, correct? I told counsel I was objecting to it before at the pretrial conference. The arbitrator knew I was objecting to it. It was no surprise. Finally, Your Honor. Did you line out that section or note anything as to that section before it was signed? We have three pages. I'm sure I have it on mine that we lined it out. It depends which one we gave the arbitrator. Because you file out three. He works on one, I work on one. We make sure our numbers are correct. And then I wanted to make sure that the arbitrator had the one that said it was lined out. And then I did not agree to it. I made it clear not just lining out. I'm not agreeing to it. I'm not agreeing to the standard of stenographic stipulation. There is a stip sheet, request for hearing form, that appears at A13 in the Petitioner's appendix. Yes. Okay. And it has the signature of Randall R. Stark. My sorry. Randall Stark. Yes. So okay. And what about that? I thought I heard you just say you never signed it. Oh, no, I signed it. I signed it immediately before we went to the arbitrator. So we signed it. And I tell the judge, the court reporter gets ready and says preliminary matters. Yes, Your Honor. Line 14. Make sure that line 14 is lined out. I don't agree to stenographic stipulation. Okay. So that's the same form then. That's right. In June you asked that it be lined out. That's right. But when you signed it, it was not lined out, correct? When we signed all these things, no, it wasn't. I'm signing one. We signed all three. Right. I understand. And the filing with the commission, the quote filing the commission is giving the arbitrator telling them what we're going to do with it, and then the issue is in dispute. And, you know, also in the appendix is the transcript of what you were talking about, which you told the arbitrator you want it lined out. And the arbitrator did say, Respondent's position that he does not agree with paragraph 14, the stenographic stipulation, is granted. Yes. So before you went to trial, the arbitrator granted your request that that be stricken from the stipulation sheet. No testimony was taken. Nothing else was done on all these preliminary matters. And that goes to then the Supreme Court rulings, which we have are in the 1920s, where they ask whether the parties have participated in the hearing. And that would be then a waiver of somehow the jurisdictional requirement. Because they bring it up, Pocahontas is, you know, a 1922 case. It says if you are, you know, clearly it's a jurisdictional issue. It's not a statute of limitations question. You have to be able to have both filing to review and the timely filing of the transcript. But did you participate in the hearing? And back then in 1922, you had a trial de novo, a real trial de novo. You did everything all over again. Brought in witnesses. Brought in new witnesses. Changed your trial strategy. You had a new hearing. And the Supreme Court said, well, if you're going to do that at that late date, we find that you have waived your right to raise that jurisdictional requirement. I can no way be found to have waived a jurisdictional requirement in this case by participating in a hearing at every step I have objected and required the strict purviews of 19b. So the ruling I believe of this Court is if you object to stenographic stipulation and don't agree to it, 19b has to be followed. Thank you. You may reply. Your Honors, I was not the attorney at the time this matter was tried. I don't have any information as to the conversations my opponent had with the attorney that tried the case at the time of the hearing. I can only go off what was in the record. Based on the record, there was an agreed stipulation form signed in April. Regardless of that, the decisions that have dealt with this issue, such as the Contreras decision, have implemented and have inserted an element of due diligence in perfecting these reviews. That would indicate that substantial compliance with the Act is sufficient. In this case, I would argue that substantial compliance was performed. The appeal was filed timely. The transcript was worded. When the transcript was received and prior to the return date on review, it was filed. There's nothing additionally that the petitioner could have done to have gotten the transcript any quicker. As I said, there's no prejudice to the respondent with the transcript being filed by the return date on review. Thank you, Counsel. Thank you, Counsel Bullock, for your arguments in this matter this morning. It was taken under advisement. Written disposition shall issue. The Court will stand at brief recess.